[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, the Housing Authority of the Town of Griswold (Housing Authority or plaintiff), commenced this action for a temporary and permanent injunction prohibiting the defendants, the Water Pollution Control Authority of the Borough of Jewett City (WPCA) and Jeanne Fischer, its Clerk[1] (hereinafter referred to collectively as defendant or WPCA), from collecting sewer user charges billed to the plaintiff. The Housing Authority is a public body corporate and politic created by the Town of Griswold (Town) pursuant to General Statutes § 8-40. The Borough of Jewett City (Borough) is a municipal corporation created by Act of the General Assembly and is geographically CT Page 3312 located entirely within the Town. The Housing Authority owns and operates two elderly housing projects. The first project is located in the Borough, the other is located within the Town, but outside of the Borough.
The WPCA is a political entity created by the Borough in July 1991 pursuant to the authority granted by General Statutes §7-246. The WPCA operates a sanitary sewerage system that serves the entire Borough and limited portions of the Town, outside of the Borough's territorial limits, including both of the plaintiff's housing projects. Since its creation in 1991 the WPCA has assessed quarterly sewer user charges against all of its users pursuant to General Statutes § 7-255. The Housing Authority solely claims that the provisions of General Statutes § 8-118a exempt it from the sewer user charges.
The Housing Authority's application for a temporary injunction against the billing and collection of sewer user charges was denied by the court, Hendel, J., by memorandum of decision dated September 24, 1993. The pleadings were closed and plaintiff's application for a permanent injunction is now presently before the court and was submitted on a stipulation of facts. Each party filed a brief.
 I
The Housing Authority argues that since the WPCA is a municipal agency it must be considered a "municipality" within the meaning of General Statutes § 8-118a. The Housing Authority argues that it is therefore exempt from sewer user charges by virtue of § 8-118a. Section 8-118a states in pertinent part:
 In lieu of . . . sewerage system use charges otherwise payable to a municipality, a local authority shall pay each year, to the municipality in which any of its housing projects for elderly persons is located . . . a sum to be determined by the municipality with the approval of the commissioner of housing not in excess of ten percent of the shelter rent per annum for each occupied dwelling unit in any such housing project. . . .
The WPCA argues that § 8-118a is inapplicable to the CT Page 3313 present case, because the WPCA is not a municipality. The WPCA further contends that General Statutes § 7-255 (a) is the applicable statute to the present case. Section 7-255 (a) states in pertinent part:
 The water pollution control authority may establish and revise fair and reasonable charges for connection with and for the use of a sewerage system. . . . . . Municipally-owned
and other tax-exempt property which uses the sewerage system shall be subject to such charges under the same conditions as are the owners of other property, but nothing herein shall be deemed to authorize the levying of any property tax by any municipality against any property exempt by the general statutes from property taxation.
(Emphasis added.)
The issue dispositive of the plaintiff's claim in the present case is whether the WPCA can be considered a municipality within the meaning of General Statutes § 8-118a.
I agree with Judge Hendel's holding that § 8-118a has no application to this case because WPCA is not a municipality as defined by § 8-113a(b), but is rather a separate municipal entity created pursuant to General Statutes § 7-246. See Memorandum of Decision, p. 3, September 24, 1993 (Hendel, J )
As such, WPCA is "a municipal [entity] rendering utility services in the form of sewer services . . and is a 'municipal utility'. . . ." See Metropolitan District v. Housing Authority,12 Conn. App. 499, 504-505, cert. denied, 205 Conn. 814 (1987).
The Housing Authority asserts that WPCA should be considered a "municipality" under § 8-113a(b) because it was established pursuant to § 7-246 by a municipality and "for such municipality." The plaintiff provides no authority for this construction of § 8-113a(b), and the court's own research reveals none. This contention has no merit.
Section 8-113a, which is part of the statutory scheme covering housing for elderly persons, states, in pertinent part, "Definitions. . . . (b) "Municipality" means any city, borough or CT Page 3314 town. "The municipality" means the particular municipality for which a particular housing authority is created." Clearly, the WPCA is not any city, borough or town, and under the plain reading of § 8-113a(b), cannot be included within the definition of a "municipality." As WPCA is not a municipality, § 8-118a is inapplicable to it, and therefore does not preclude WPCA from collecting sewer user charges from the plaintiff.
 II
The plaintiff sought in its claims for relief (1) a permanent injunction, restraining the defendants from collecting sewer user charges from it, and (2) `such other and further relief as law and equity may provide.' No evidence was introduced, nor were any legal arguments advanced before the court which supported its second claim for relief. Therefore, I deem its second claim for relief abandoned.
The granting of a permanent injunction is an exercise of extraordinary power which rests within the sound discretion of the court. This is so, even where the danger of irreparable injury is demonstrated. City of Hartford v. American ArbitrationAssociation, 174 Conn. 472, 477 (1978).
A party seeking injunctive relief has the burden of proving a violation of a protected right, or interest, irreparable harm to that right or interest, and lack of an adequate remedy of law.Berin v. Olson, 183 Conn. 337, 340 (1981).
Moreover, it must also show a balancing of the equities in its favor over the hardships to the defendants. See Moore v.Serafin, 163 Conn. 1, 6 (1972).
Here, as already demonstrated, § 8-118a does not cloak the plaintiff from the sewer user charges sought to be exacted by WPCA, and it has failed to prove a legal right or protected interest.
From the stipulation of facts and record before the court, the plaintiff has also failed to demonstrate an irreparable injury or inadequate remedy at law. Finally, there is insufficient evidence in the record for the court to "balance the equities." CT Page 3315
For the foregoing reasons, the plaintiff is not entitled to the issuance of a permanent injunction.
Judgment may enter for the defendants.
Teller, J.